[904 NE2d 811, 876 NYS2d 675]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW C. SMALL, Appellant.

Argued January 14, 2009; decided February 12, 2009

**APPEARANCES OF COUNSEL**

*Timothy P. Donaher, Public Defender*, Rochester (*William Clauss* of counsel), for appellant.

*Michael C. Green, District Attorney*, Rochester (*Wendy Evans Lehmann* and *Kelly Christine Wolford* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed.

While a defendant is not entitled as a matter of law to pretrial notice of the People's intention to offer evidence pursuant to *People v Molineux* (168 NY 264 [1901]) or to a pretrial hearing on the admissibility of such evidence (*see generally People v Ventimiglia*, 52 NY2d 350, 362 [1981]; *People v Torres*, 300 AD2d 46, 46-47 [1st Dept 2002]; *cf.* CPL 240.43), we outlined in *People v Ventimiglia* a procedure to be followed in order to avoid unfairness to the defendant. We noted that a prosecutor seeking to introduce *Molineux* evidence "should ask for a ruling out of the presence of the jury" (*Ventimiglia*, 52 NY2d at 362), and that any hearing with respect to the admissibility of such evidence should occur either before trial or, at the latest, "just before the witness testifies" (*id.*). Contrary to defendant's contention, there is no requirement that such inquiry or ruling occur before trial commences.

Here, County Court granted the People's application to allow the *Molineux* evidence midtrial in response to defendant's attempt to establish an agency defense. Moreover, the court provided a proper limiting instruction, telling the jury that the evidence was "no proof whatsoever that [defendant] possessed a propensity or disposition to commit the crime charged in the indictment" but was offered "solely for rebutting the defense of agency on the issue of intent." In these circumstances, County Court did not abuse its discretion in permitting the People to present *Molineux* evidence.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur; Chief Judge LIPPMAN taking no part.

Order affirmed in a memorandum.