■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAOUL McFALL, Respondent. [897 NYS2d 770]—

Malone Jr., J. Appeal from an order of the Supreme Court (Lamont, J.), entered June 9, 2009 in Albany County, which granted defendant's motion to suppress evidence.

As a result of a report made by a housekeeping employee at a motel, police discovered drug paraphernalia and 40 grams of cocaine in a room rented by defendant. He was subsequently arrested and charged with two counts of criminal possession of a controlled substance in the third degree and one count of criminally using drug paraphernalia in the second degree. Following a hearing, Supreme Court granted defendant's motion to suppress the evidence discovered in the motel room because the search was conducted without a warrant. The People appeal.*

Contrary to the People's contention, defendant was entitled to Fourth Amendment protection during the rental period of the motel room (*see Stoner v California*, 376 US 483, 490 [1964]; *People v Lerhinan*, 90 AD2d 74, 78 [1982]) and the motel manager had no authority to consent to a search of defendant's room (*see Stoner v California*, 376 US at 489; *People v Wood*, 31 NY2d 975, 976 [1973]). The People's claim that the warrantless search was nevertheless legal because it did not exceed the scope of the search initially made by the housekeeping employee is not persuasive (*see United States v Allen*, 106 F3d 695, 698-699 [1997], *cert denied* 520 US 1281 [1997]; *People v Ponto*, 103 AD2d 573, 578 [1984]). Finally, the argument that defendant's privacy interest in the room was extinguished by an alleged breach of the rental agreement is advanced for the first time on appeal and, thus, not properly before this Court (*see People v Tutt*, 38 NY2d 1011, 1012-1013 [1976]). Accordingly, Supreme Court properly granted defendant's motion to suppress the evidence.

Cardona, P.J., Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is affirmed.

---

* Although the notice of appeal was filed prior to the entry of the order, we will exercise our discretion, in the interest of justice, and treat the premature notice of appeal as valid (*see* CPL 460.10 [6]).