# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

366

KA 08-01776

PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JEUANE H. HARVEY, ALSO KNOWN AS JEVENE HARVEY,
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered July 28, 2008. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and reckless endangerment in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and reckless endangerment in the second degree (§ 120.20). The People presented evidence at trial that defendant fired a weapon while standing on a sidewalk in the City of Rochester, and that children were playing in the adjacent street and pedestrians were on the sidewalk. Contrary to defendant's contention, he was not entitled to pretrial notice that the People intended to present a witness who would testify that defendant approached her several months after the shooting and asked her whether she was going to appear in court (*see People v Small*, 12 NY3d 732, 733). Even assuming, arguendo, that Supreme Court erred in determining that the evidence does not constitute *Molineux* evidence, we conclude that the court properly determined that the evidence was relevant to the issue of identity, and we further conclude that the probative value of the testimony on that issue outweighed any prejudice to defendant (*see People v Igbinosun*, 24 AD3d 1250, 1251; *see generally People v Ventimiglia*, 52 NY2d 350, 359-360). We reject defendant's contention that the sentence is unduly harsh and severe.

Entered: April 26, 2013                          Frances E. Cafarell
                                                 Clerk of the Court