# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**870**

**KA 11-01505**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

BARAK CORNELL, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DONALD M. THOMPSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAVID W. FOLEY, DISTRICT ATTORNEY, MAYVILLE (PATRICK SWANSON OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered June 13, 2011. The judgment convicted defendant, upon a jury verdict, of arson in the second degree, criminal mischief in the second degree and reckless endangerment in the first degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, arson in the second degree (Penal Law § 150.15). We agree with defendant that County Court committed a mode of proceedings error when it responded to a jury note off the record, in the jury room, and outside the presence of defendant, with no indication that defendant had waived his right to be present. CPL 310.30 provides that, upon receiving a request for further instruction or information from the jury during deliberations, "the court must direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant, and in the presence of the defendant, must give such requested information or instruction as the court deems proper." It is beyond cavil that "[a] defendant has a fundamental right to be present at all material stages of a trial . . . [and] CPL 310.30 makes a defendant's right to be present during instructions to the jury absolute and unequivocal" (*People v Mehmedi*, 69 NY2d 759, 760, *rearg denied* 69 NY2d 985; *see People v Ciaccio*, 47 NY2d 431, 436-437). The court properly read the jury note on the record in the presence of defendant, defense counsel, and the prosecutor, and it then obtained a clear stipulation from both attorneys concerning the accuracy of its intended response to the jury's request for information. We nevertheless conclude that the court committed reversible error by subsequently instructing the jury off the record, in the jury room, and outside the presence of

defendant (*see* CPL 310.30; *see generally People v O'Rama*, 78 NY2d 270, 276-278).

Because there must be a retrial, we deem it appropriate to address defendant's contention that the court abused its discretion by permitting testimony concerning defendant's prior bad acts in the days, months, and years preceding the subject arson. "[A] defendant is not entitled as a matter of law to pretrial notice of the People's intention to offer evidence pursuant to *People v Molineux* (168 NY 264) or to a pretrial hearing on the admissibility of such evidence" (*People v Small*, 12 NY3d 732, 733). Nevertheless, "a prosecutor seeking to introduce *Molineux* evidence 'should ask for a ruling out of the presence of the jury' . . . and . . . any hearing with respect to the admissibility of such evidence should occur either before trial or, at the latest, 'just before the witness testifies' " (*id*., quoting *People v Ventimiglia*, 52 NY2d 350, 362).

Here, that procedure was not followed. Instead, the court improperly afforded defense counsel a standing objection with respect to testimony concerning defendant's prior bad acts while affording the prosecutor the opportunity to ask one of the victims of the arson, who was defendant's neighbor, about defendant's prior bad acts over a period as long as 10 years before the arson. It was particularly improper to allow that witness to testify that, as a result of defendant's prior bad acts, he had concerns about the safety of his children and pets. "It is fundamental that evidence concerning a defendant's uncharged crimes or prior misconduct is not admissible if it cannot logically be connected to some specific material issue in the case, and tends only to demonstrate that the defendant was predisposed to commit the crime charged" (*People v Mateo*, 2 NY3d 383, 437, *cert denied* 542 US 946). Although defendant's bad acts within a few days of the arson could be deemed relevant to such issues as motive and intent, testimony concerning defendant's bad acts in the preceding weeks, months or years was irrelevant to any issue in the case and only could have prejudiced defendant by suggesting to the jury that he was an erratic and potentially dangerous person who had the propensity to commit the crime at issue (*see generally Molineux*, 168 NY at 291-294). In view of our determination to grant a new trial, we do not address defendant's remaining contentions.

Entered:  October 4, 2013                                    Frances E. Cafarell
                                                             Clerk of the Court