■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS CULBERT, Appellant. [27 NYS3d 110]—

Judgment, Supreme Court, New York County (Michael R. Sonberg, J., at dismissal motion; Robert M. Stolz, J., at jury trial and sentencing), rendered November 20, 2013, as amended December 11, 2013, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to an aggregate term of seven years, unanimously affirmed.

Defendant's motion to dismiss the indictment, based on a claim that he was deprived of his right to testify before the grand jury, was properly denied. The People fulfilled their obligation of providing defendant with a reasonable opportunity to testify, and his failure to do so resulted from his seriously disruptive and abusive conduct, which raised valid safety concerns (*see People v Johnson,* 128 AD3d 412 [1st Dept 2015]; *People v Davis,* 287 AD2d 376 [1st Dept 2001], *lv denied* 97 NY2d 680 [2001]; *People v Dunn,* 248 AD2d 87 [1st Dept 1998], *appeal withdrawn* 93 NY2d 1002 [1999]). The People were not required to delay the grand jury proceeding in the hope that defendant's behavior might improve.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson,* 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supports the conclusion that defendant participated in a drug transaction by acting as a steerer.

In this case where the principal issue was accessorial liability, the court properly admitted expert testimony regarding the roles of participants in street level drug sales. This evidence was relevant to explain the role of a steerer and the absence of drugs or buy money on defendant's person (*see People v Jamison*, 103 AD3d 537, 538 [1st Dept 2013], *lv denied* 21 NY3d 1016 [2013]), and it came within the permissible bounds for this type of testimony (*see generally People v Brown*, 97 NY2d 500, 505-507 [2002]). None of this testimony suggested that defendant was involved in anything larger in scale than a street-level drug operation. Concur—Acosta, J.P., Renwick, Andrias and Moskowitz, JJ.