■ The People of the State of New York, Respondent, v Ricardo Moya, Appellant. [29 NYS3d 368]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered March 19, 2013, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously reversed, on the law, and the matter remanded for a new trial.

In conducting a colloquy on defense counsel's request to be relieved, the court erred in failing to permit defendant to provide any input, or to even be present. At least by the time that the substance of counsel's ex parte application became clear, defendant should have been included in the proceeding.

Defendant had criticized the performance of trial counsel persistently and in many regards, in letters to the court and on the record in pretrial proceedings. He requested new counsel

and also filed a disciplinary complaint against counsel while the case was pending. Nothing in the record suggests that counsel's performance was deficient on the grounds alleged or that defendant was entitled to new counsel on these grounds.

However, during the first afternoon of trial testimony, in an ex parte colloquy with the court that counsel requested, counsel, while recounting the efforts he had made to zealously represent defendant, stated, among other things, that he was concerned that defendant was attempting to "set [him] up to be the basis of his appeal for ineffective assistance of counsel or some other type of misconduct." Counsel also read to the court a letter he had received from defendant, in which defendant, among other things, stated, in a plainly accusatory manner, that "[t]here is no doubt where your interests lies," and that he "hope[d] you and [the judge] can continue a fine relationship." Counsel asked to be relieved and the court denied the request.

We agree with defendant that this proceeding was an "ancillary proceeding[ ] [at which] he . . . may have [had] something valuable to contribute" (*People v DePallo*, 96 NY2d 437, 443 [2001]), and thus that his exclusion from it was error. While defendant may not have been able to justify counsel's removal, we cannot say that the "new matter" brought to light at the ex parte proceeding—where counsel revealed the content of a privileged communication with the court, and expressed the belief that defendant's criticisms of his performance were insincere attempts to sow error in the record— implicated "no potential for meaningful input from . . . defendant" (*id.*) on the subject of whether continued representation by counsel was appropriate.

The proceeding also implicated the court's obligation to make a "minimal inquiry" regarding whether the new facts justified substitution of counsel (*see People v McCummings*, 124 AD3d 502, 505 [1st Dept 2015]; *see also People v Brown*, 305 AD2d 422 [2d Dept 2003]). As in *McCummings*, "[w]e are mindful that had the court considered the application, only the most compelling circumstances would have justified granting it," but find that "a new trial is unavoidable under the circumstances presented" (124 AD3d at 504).

In light of the foregoing, we find it unnecessary to reach defendant's remaining contentions, including those contained in his pro se supplemental brief, except that we find that the verdict was based on legally sufficient evidence. Concur—Mazzarelli, J.P., Acosta, Andrias and Richter, JJ.