Rose, J.
Appeal from a judgment of the County Court of Washington County (Hall Jr., J.), rendered September 12, 2014, upon a verdict convicting defendant of the crimes of grand larceny in the third degree (two counts), scheme to defraud in the first degree and issuing a bad check (two counts).
In September 2012, defendant was charged in a felony complaint with a single count of grand larceny in the third degree. He was subsequently indicted in December 2012 and charged with two counts of grand larceny in the third degree, one count of scheme to defraud in the first degree and two counts of issuing a bad check. Shortly thereafter, the People *1294 became aware that defendant was being held in Vermont on unrelated charges and, because of the Vermont charges, defendant was not arraigned in New York until January 2014. Following extensive motion practice and a jury trial, defendant was convicted as charged. He was subsequently sentenced, as a persistent felony offender, to an aggregate prison term of 20 years to life, and he now appeals.
Defendant contends that he was deprived of his statutory right to a speedy trial because the People were not ready for trial within six months of the filing of the felony complaint due to his detainment in Vermont for more than a year. We cannot agree. County Court correctly excluded the time period during which defendant was detained in Vermont (see CPL 30.30 [4] [e]). The record establishes that the People filed the felony complaint against defendant on September 10, 2012, defendant was detained on pending charges in Vermont as of September 15, 2012 and the People became aware of defendant’s detainment on December 20, 2012. In addition, the People were in contact with the Vermont State’s Attorneys Office on at least seven or eight occasions while defendant was continuously detained there on a series of criminal charges. Defendant was sentenced on the last of the Vermont charges on November 20, 2013, and he was arraigned in New York on January 31, 2014, at which time the People declared their readiness for trial. We agree with County Court that “[t]he People had no statutory authority to request defendant’s presence” in New York during the time that charges against him were pending in Vermont (People v Mungro, 17 NY3d 785, 786 [2011]; see CPL 580.20, art IV [a]), and that the entire time period that defendant was detained in Vermont until his January 31, 2014 arraignment is excludable because the People were diligent and made reasonable efforts to obtain his presence for trial during that time Csee CPL 30.30 [4] [e]; People v Mane, 36 AD3d 1079, 1080 [2007], lv denied 8 NY3d 987 [2007]). Further, we are unpersuaded by defendant’s contention that, under the circumstances here, CPL 580.20 article III was implicated or that the People should have sought his extradition pursuant to CPL 570.12.
We are also unpersuaded by defendant’s contention that County Court erred when it denied his motion to disqualify the Washington County District Attorney’s office for a conflict of interest based upon an Assistant District Attorney’s representation of him in an unrelated criminal matter in 2010. Ordinarily, the removal of a public prosecutor is appropriate only where the defendant shows “ ‘actual prejudice arising from a demonstrated conflict of interest or a substantial risk of *1295 an abuse of confidence’ ” (People v Adams, 20 NY3d 608, 612 [2013], quoting Matter of Schumer v Holtzman, 60 NY2d 46, 55 [1983]; see People v Giroux, 122 AD3d 1063, 1064 [2014], lv denied 25 NY3d 1164 [2015]). Here, the Assistant District Attorney was not employed by the District Attorney’s office until after defendant was indicted on the current charges, and the People assured County Court that he had no involvement with the current prosecution. Although the People were permitted to elicit testimony regarding the 2010 matter as evidence of a lack of mistake, our review of the record confirms that none of the information elicited “indicated that any abuse of confidence or use of privileged information had occurred” (People v Arbas, 85 AD3d 1320, 1322 [2011], lv denied 17 NY3d 813 [2011]; see People v Zinkhen, 89 AD3d 1319, 1320 [2011], lv denied 18 NY3d 964 [2012]).
We are equally unpersuaded that County Court abused its discretion by denying defendant’s July 2014 motion for a 45-day continuance to locate three prospective witnesses. In seeking this type of adjournment, defendant was required to show that “due diligence was exercised in attempting to secure the witness [es]’s testimony, that the testimony would be material and favorable to [defendant], and that the witness[es] [would] be available at a later date” (People v Hartman, 64 AD3d 1002, 1003 [2009], lv denied 13 NY3d 860 [2009]; see People v Foy, 32 NY2d 473, 476 [1973]). Our review of the record establishes that in March and June 2014, defendant made requests for funds for investigative services that were denied because he failed to, among other things, show why the services were necessary (see People v Rockwell, 18 AD3d 969, 971 [2005], lv denied 5 NY3d 768 [2005]). In his July 2014 motion for a continuance, which was made two weeks prior to the scheduled trial date, defendant indicated that, the previous day, County Court had granted his renewed motion for funds for investigative services in the amount of $1,000. Defendant further stated that the three witnesses he sought to locate would offer testimony material to establishing his state of mind. During the subsequent colloquy with County Court, however, defendant was unable to provide any concrete information as to the witnesses’ whereabouts, and the testimony he proposed to elicit would have incriminated two of them, making it unlikely that they wished to be found. As a result, County Court denied defendant’s motion for a continuance, but awarded him an additional $500 for investigative services. In light of this, we find that County Court properly denied defendant’s request for an adjournment of trial inasmuch as he had ample time to locate the witnesses prior to his July 2014 motion and failed to show *1296 that he had exercised diligence in doing so. More importantly, he failed to establish that the witnesses could be located and would be available to testify if the continuance were granted (see People v Soulia, 263 AD2d 869, 873 [1999], lv denied 94 NY2d 829 [1999]; see also People v Ruffin, 56 AD3d 892, 893-894 [2008]).
Next, although defendant indicates in his pro se brief that one of the questions presented on this appeal is whether County Court erred in conducting an ex parte colloquy with his trial counsel outside of his presence, he failed to articulate any argument whatsoever regarding the merits of this issue in his brief. To the extent that defendant included a citation to People v Moya (138 AD3d 620 [2016]) in his table of authorities, and counsel cited it during oral argument in an effort to raise this issue, we find that Moya does not support defendant’s position inasmuch as, here, the subject matter of the ex parte communication “implicated no potential for meaningful input from . . . defendant” (id. at 621 [internal quotation marks and citation omitted]; see generally People v Fabricio, 3 NY3d 402, 406 [2004]).
We similarly find that County Court properly denied defendant’s request for funding for a psychiatric examination inasmuch as defendant’s notice to present psychiatric evidence was untimely and he failed to establish good cause to excuse the untimely notice (see CPL 250.10 [2]; People v Hanifin, 77 AD3d 1181, 1182-1183 [2010]). Next, in view of defendant’s extensive criminal history, his lack of remorse and the court’s findings that defendant made a number of surreptitious attempts to interfere with the trial proceedings, we find no abuse of discretion or extraordinary circumstances that would warrant disturbing the sentence imposed (see People v Rotger, 129 AD3d 1330, 1333 [2015], lvs denied 26 NY3d 1011 [2015], 27 NY3d 1005 [2016]; People v Battease, 93 AD3d 888, 889 [2012], lv denied 18 NY3d 992 [2012]).
Defendant’s remaining contentions have been considered and determined to be lacking in merit.
Garry, J.P., Devine, Clark and Mulvey, JJ., concur.
Ordered that the judgment is affirmed.