This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 45
The People &c.,
         Respondent,
      v.
Jose Valentin,
         Appellant.

Kate Mollison, for appellant.
Brian R. Pouliot, for respondent.

DiFIORE, Chief Judge:

We are asked to determine whether the People are permitted to introduce evidence of a defendant's prior drug sale conviction on their direct case when a defendant asserts an

- 1 -

agency defense supported solely by portions of the People's case-in-chief.  We hold that, under these circumstances, the trial court may, in its discretion, entertain a People's application pursuant to People v Molineux (168 NY 264 [1901]) and allow into evidence a defendant's previous drug sale conviction on the issue of the intent to sell the drugs.

On the afternoon of May 21, 2010, several undercover officers were conducting a "buy-and-bust" operation near 110th Street and First Avenue in Manhattan.  After watching defendant and another individual, Jose Barrios, walking together for approximately 40 minutes, one of the officers observed Barrios hand defendant money.  Defendant then crossed the street and entered a 20-story residential building.  After a few minutes, defendant exited the building and walked directly over to Barrios, who had since moved to another corner.  The officer observed defendant hand what was later revealed to be glassine envelopes of heroin to Barrios, who then placed the glassine envelopes in his right front pants pocket.  As the pair walked away together, they were stopped by police.  The arresting officer recovered the two glassine envelopes of heroin from Barrios's right pants pocket and another officer searched defendant and recovered eight dollars.

After completion of jury selection, defense counsel, who did not present any defense witnesses or call defendant to testify at trial, gave notice to the court and the People that

there was "a possibility" that he would present an agency defense. Thereafter, defense counsel, in his opening statement, asked the jury to consider whether defendant engaged in "salesman-like[] conduct," whether he had customers other than Barrios, and whether his behavior was typical of a seller or, rather, someone who was "walk[ing] with his buddy."

During cross-examination of the police officers, defense counsel honed in on defendant's behavior and whether defendant was simply acting as a mere extension of the buyer. Specifically, on cross-examination of the officer who was acting as "ghost"[1] in the narcotics surveillance that day, defense counsel elicited that the officer observed defendant and Barrios standing together engaged in conversation, in support of his argument that the buyer was just a friend. Along the same lines of inquiry, defense counsel elicited from the officer that in the context of general narcotics operations, the officer sometimes knew "who the players are" but that defendant's name and picture had never come up in the officer's investigation of this drug-prone area. Finally, defense counsel, disputing the profit motive for the transfer of drugs, elicited that the going price of the two envelopes of heroin found on Barrios was usually about ten dollars per item. Only eight dollars was found on defendant.

---

[1] The officer testified that as "ghost," he was ensuring that the undercover officers were safe and relaying messages to the supervisor of the field team.

In cross-examining the arresting officer, defense counsel elicited that the police had observed defendant and Barrios walking together on the street for a period of approximately 40 minutes, in support of an argument that such behavior was consistent with a friendship and not a business relationship.  Defense counsel also brought out that defendant was not found with any prerecorded money, typically used in undercover buys, and that the arresting officer did not take any steps to investigate any phone numbers in defendant's cell phone.

Midtrial, the People inquired as to defendant's intention regarding the agency defense, indicating that they would not rest without the opportunity to present evidence of defendant's drug sale convictions.  Defense counsel responded that he did not intend to call the buyer or defendant to the stand, explaining that his strategy was to "flush out" the testimony of the People's witnesses to support the defense.

At the close of the People's case but before they rested, defense counsel again raised the agency defense but argued that the People should not be permitted to introduce any of defendant's prior sale convictions because the People's evidence -- and not the evidence presented by defendant -- provided the basis for the agency defense.  The court, after a colloquy as to whether there was even a factual basis for the agency charge in the first instance, determined that it would grant defendant's request for an agency charge, but if the charge

was to be given, the People would be permitted to introduce evidence of defendant's prior drug sale conviction.

After consulting with defendant, defense counsel requested that the court give the agency charge to the jury. The trial court, exercising its discretion, determined that, despite defendant's multiple drug-related convictions, the People would be permitted to introduce only defendant's 1997 conviction of criminal sale of a controlled substance in the fifth degree. The stipulation as to defendant's prior conviction was admitted into evidence with a proper limiting instruction, whereupon the People and defense rested and the trial court provided the agency charge to the jury. Defendant was convicted, upon a jury verdict, of criminal sale of a controlled substance in the third degree.

On appeal, the Appellate Division held that "[u]pon granting the defense request for an agency defense based upon aspects of the People's evidence, the court properly allowed the People to introduce evidence of defendant's prior drug sale conviction" (132 AD3d 499, 500 [1st Dept 2015]). The Appellate Division opined that there was

> "no reason to draw a distinction between the
> situation where a defendant testifies or
> otherwise elicits evidence to support an
> agency defense, and the situation where, as
> here, the defendant essentially adopts those
> portions of the evidence elicited by the
> People that support such a defense; in each
> instance, the People have the right of
> rebuttal" (id.).

A Judge of this Court granted defendant leave to appeal (26 NY3d

1151 [2016]), and we now affirm.

Notwithstanding his request for an instruction to the jury on the agency defense, defendant argues that since the defense was supported solely by inferences drawn from the People's evidence, he did nothing to affirmatively call his intent into question and, therefore, no Molineux evidence was permissible. We disagree.

Under Penal Law § 220.39 (1), "[a] person is guilty of criminal sale of a controlled substance in the third degree when he knowingly and unlawfully sells a narcotic drug." To "sell" is broadly defined as meaning "not only a traditional sale or exchange for consideration, but also to 'give or dispose of to another, or to offer or agree to do the same'" (People v Watson, 20 NY3d 182, 185 [2012], quoting Penal Law § 220.00 [1]). As we have previously explained, "[r]eading the statute literally, any passing of drugs from one person to another would constitute a sale" (People v Chong, 45 NY2d 64, 72 [1978]). This Court, however, long ago recognized that drug sale crimes involve harsh penalties and that "there are certain cases where the defendant's mere delivery of the drugs does not appear to involve the same degree of culpability, or warrant the extreme penalties, associated with pushing drugs" (id.). Therefore, under the agency defense, "one who acts solely as the agent of a purchaser of narcotics cannot be convicted of the crime of criminal sale of a controlled substance" (People v Roche, 45 NY2d 78, 81 [1978]).

In New York, "[t]o be an agent of his buyer, a narcotics merchant must be a mere extension of the buyer" (People v Argibay, 45 NY2d 45, 53 [1978]).  Indeed, "the agent must have no direct interest in the contraband being sold," and "[h]is function must be performed without any profit motive" (Roche, 45 NY2d at 85).  Of course, agency is not a defense to the charge of possession of the drugs (see Chong, 45 NY2d at 74).  Accordingly, the finder of fact is required "to determine the extent of an intermediary's criminal liability, either as a seller or a purchaser for another" (Watson, 20 NY3d at 186).  As we have explained,

> "Among other things the jury may consider the nature and extent of the relationship between the defendant and the buyer, whether it was the buyer or the defendant who suggested the purchase, whether the defendant has had other drug dealings with this or other buyers or sellers and, of course, whether the defendant profited, or stood to profit, from the transaction.  But basically the jury must rely on its own common sense and experience to determine whether, under the circumstances, the defendant was in fact accommodating a friend or was simply a streetwise peddler attempting to avoid the penalties for sale" (Chong, 45 NY2d at 75).

That brings us to the admissibility of the Molineux evidence in this case.  "[E]vidence of uncharged crimes is inadmissible where its purpose is only to show a defendant's bad character or propensity towards crime" (People v Morris, 21 NY3d 588, 594 [2013]).  "However, '[w]hen evidence of uncharged crimes is relevant to some issue other than the defendant's criminal

disposition, it is generally held to be admissible on the theory that the probative value will outweigh the potential prejudice to the accused'" (id., citing People v Allweiss, 48 NY2d 40, 47 [1979]). Intent is one of the "well-recognized, nonpropensity purposes for which uncharged crimes may be relevant" (id.). Generally, "[e]vidence of prior criminal acts to prove intent will often be unnecessary, and therefore should be precluded even though marginally relevant, where intent may be easily inferred from the commission of the act itself" (People v Alvino, 71 NY2d 233, 242 [1987]). In the context of drug sales in particular, "intent is [usually] readily inferable from the sale itself and evidence of prior uncharged crimes is neither necessary nor permissible to establish it" (id. at 246). Nonetheless, when the defendant interposes an agency defense -- essentially disputing that his transfer of drugs to the buyer was with the intent to sell -- evidence of prior uncharged drug sale allegations is admissible to establish the element of intent on a sale count (see id.; see also Chong, 45 NY2d at 75). Even if the evidence of defendant's prior drug sale is relevant to the issue of intent, however, the People's request to introduce such evidence falls to the sound discretion of the trial court and is "admissible only upon a trial court finding that its probative value for the jury outweighs the risk of undue prejudice to the defendant" (People v Till, 87 NY2d 835, 836 [1995]).

In People v Small (12 NY3d 732 [2009]), a case in which

the defendant did not present any defense witnesses, this Court held that, in response to the defendant's attempt to establish an agency defense during the People's case, the lower court "did not abuse its discretion in permitting the People to present Molineux evidence" on the issue of intent (id. at 733). Notably, in Small, the trial court "granted the People's application to allow the Molineux evidence midtrial," and this Court held that "there [was] no requirement that such inquiry or ruling occur before trial commences" (id.).

In this case, the trial court did not abuse its discretion in allowing the People to introduce evidence on their direct case of defendant's prior drug sale conviction on the element of intent to sell. "[T]he agency charge [is] reserved for cases where there is at least some evidence, however slight, to support the inference that the supposed agent was acting, in effect, as an extension of the buyer (Argibay, 45 NY2d at 55). As defendant bears no burden of proof in advancing this defense (see Roche, 45 NY2d at 85-86), it is immaterial whether a defendant testifies or presents defense witnesses in support of the agency defense or, as with the circumstances here, a defendant requests the agency charge based solely on inferences which arguably may be drawn from the People's case-in-chief.[2] In both scenarios, the trial court may entertain a Molineux

---

[2] Here, the evidence of defendant's prior drug sale conviction was presented on the People's case-in-chief before they rested, not on rebuttal (see CPL 260.30 [7]).

application as to a defendant's prior drug sale conviction and determine whether the evidence is more probative than prejudicial on the disputed issue of defendant's intent to sell.

On this record, defendant plainly raised the issue of his intent and particular role in the drug sale as a salesman based on his arguments to the jury at trial, his cross-examination of the People's witnesses, and his specific request for an agency charge to the jury. The trial court then conducted the proper balancing analysis, determining that it would permit introduction of only one of defendant's prior convictions. Under these circumstances, the People were properly permitted by the trial court to use the admissible evidence of defendant's prior drug sale conviction on the issue of intent in their case-in-chief.[3]

Accordingly, the order of the Appellate Division should be affirmed.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed. Opinion by Chief Judge DiFiore. Judges Rivera, Stein, Fahey, Garcia and Wilson concur.

Decided May 2, 2017

---

[3] Defendant's reliance on People v Gonzalez (22 NY3d 539 [2014]) is misplaced. Gonzalez involved the interpretation of the statutory notice requirement for CPL 250.10 psychiatric evidence.