Devine, J.
 

 Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered October 23, 2014, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).
 

 Defendant, using a confidential informant as a go-between, sold crack cocaine to a police officer on two occasions in 2013. The confidential informant facilitated the sales by ferrying the drugs and buy money between adjacent hotel rooms, with defendant in one and investigators in the other. The investigators placed defendant under arrest soon after the second sale was consummated. He was thereafter charged in an indictment with two counts each of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. A jury trial ensued that ended with defendant being convicted as charged. County Court sentenced defendant to an aggregate prison term of 13 years to be followed by postrelease supervision of three years, and he now appeals.
 

 We affirm. Defendant asserts in his pro se supplemental brief that he was subjected to an unlawful warrantless arrest in the hotel room and that the evidence recovered in its aftermath should have been suppressed.
 
 *
 
 A hotel guest is indeed “entitled to Fourth Amendment protection during the rental period” of his or her room (People v McFall, 72 AD3d 1128, 1129 [2010], lv denied 15 NY3d 776 [2010]; see People v Wood, 31 NY2d 975, 975 [1973]), including restrictions upon warrant-less entry into a residence to effect an arrest (see Payton v New York, 445 US 573, 590 [1980]; People v Garvin, 30 NY3d 174, 177-179 [2017]; People v McBride, 14 NY3d 440, 445 [2010], cert denied 562 US 931 [2010]; People v Bell, 5 AD3d 858, 860-861 [2004]). The hotel room was not registered in defendant’s name and had been paid for by investigators, however, and it was incumbent upon defendant to show that he had “a legitimate expectation of privacy in the premises” (People v Bell, 5 AD3d at 861; see People v Lopez, 104 AD3d 876, 876 [2013], lv denied 21 NY3d 944 [2013]). The testimony at the suppression hearing reflected that defendant was not staying in the hotel room and only went there after the confidential informant called and offered him the chance to “make lots of money.” Deferring to the assessment of County Court that this testimony was credible (see People v King, 137 AD3d 1424, 1425 [2016], lv denied 27 NY3d 1070 [2016]), we find that defendant’s minimal, commercial connection to the hotel room did not afford him a legitimate expectation of privacy therein (see Minnesota v Carter, 525 US 83, 90-91 [1998]; People v Zappulla, 282 AD2d 696, 697 [2001], lv denied 96 NY2d 909 [2001]).
 

 Defendant also attacks portions of the Molineux ruling in which County Court allowed the People to introduce evidence that the confidential informant had previously sold drugs on defendant’s behalf in 2005 and 2013. While “evidence of uncharged crimes is inadmissible where its purpose is only to show a defendant’s bad character or propensity towards crime,” when the proof “is relevant to some issue other than the defendant’s criminal disposition, it is generally held to be admissible on the theory that the probative value will outweigh the potential prejudice to the accused” (People v Morris, 21 NY3d 588, 594 [2013] [internal quotation marks and citations omitted]; see People v Valentin, 29 NY3d 150, 155 [2017]). The earlier drug sales here explained not only why investigators set up the controlled drug sales after speaking to the confidential informant, but also why defendant agreed to come to the hotel. This evidence was probative in that it shed light upon his intent to make the charged sales and “provided a complete and coherent narrative of the events leading to [his] arrest” (People v Antegua, 7 AD3d 466, 467 [2004], lv denied 3 NY3d 670 [2004]; see People v Alvino, 71 NY2d 233, 245-246 [1987]; People v Buchanan, 95 AD3d 1433, 1436 [2012], lv denied 22 NY3d 1039 [2013]).
 

 County Court went on to determine that the probative value of this proof outweighed the potential for prejudice, allowed its admission and provided proper limiting instructions to the jury regarding its use. The probative value of the evidence relating to the 2013 sales undoubtedly outweighed the possibility of prejudice, but the balance was far more debatable with regard to the cumulative and dated proof of the 2005 sales (see People v Ely, 68 NY2d 520, 530 [1986]; People v Tatro, 53 AD3d 781, 785 [2008], Iv denied 11 NY3d 835 [2008]). Even assuming that the admission of proof relating to the 2005 sales was error, however, the error was harmless since there was overwhelming evidence of defendant’s guilt and no significant probability that he would have been acquitted had the error not occurred (see People v Alfaro, 19 NY3d 1075, 1076 [2012]; People v Tatro, 53 AD3d at 785).
 

 Defendant finally argues that County Court erred in refusing to disqualify the District Attorney’s office. He alleges in particular that the District Attorney, while working as an Assistant Public Defender, represented him in the criminal case stemming from the 2005 drug sales. The case was still pending when the District Attorney assumed his current office in 2008, at which point the District Attorney stated that he had represented defendant in that or another case and requested that a special prosecutor be appointed to see the case through to its conclusion. That being said, “the fact that the District Attorney may have previously represented defendant in prior, unrelated criminal matters, without more, does not require his disqualification” (People v Giroux, 122 AD3d 1063, 1064 [2014], lv denied 25 NY3d 1164 [2015]; see People v Durham, 148 AD3d 1293, 1294-1295 [2017], lv denied 29 NY3d 1091 [2017]; People v Early, 173 AD2d 884, 885 [1991], lv denied 79 NY2d 1000 [1992]). The District Attorney played, at most, a minor role in the case relating to the 2005 sales by “filling in” for assigned counsel at a court appearance. Defendant made no effort to show what confidences, if any, the District Attorney learned during his fleeting association with the prior case that could be abused in the current one. Thus, in the absence of “actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence,” we agree with County Court that disqualification was not warranted (Matter of Schumer v Holtzman, 60 NY2d 46, 55 [1983]; see People v Zinkhen, 89 AD3d 1319, 1320 [2011], lv denied 18 NY3d 964 [2012]).
 

 McCarthy, J.P., Lynch, Clark and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed.
 

 *
 

 Defendant also challenges evidence recovered from his cell phones pursuant to search warrants but, inasmuch as defense counsel explicitly declined to move to suppress that evidence, his challenge is unpreserved (see CPL 470.05 [2]; People v Arce, 150 AD3d 1403, 1404 [2017], lv denied 29 NY3d 1090 [2017]).