People v Mahon (2018 NY Slip Op 02750)





People v Mahon


2018 NY Slip Op 02750


Decided on April 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2018

Sweeny, J.P., Richter, Webber, Gesmer, Moulton, JJ.


4569/10 6354 6353

[*1]The People of the State of New York, Respondent,
v
Kalonji Mahon, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan D. Byrne of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joshua P. Weiss of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Michael A. Gross, J.), rendered September 24, 2012, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to concurrent terms of eight years, and order (same court and Justice), entered on or about January 5, 2016, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
Regardless of whether there was a reasonable view of the evidence supporting an agency defense, it would have been inappropriate for the court to instruct the jury regarding that defense after defendant's attorney expressly opposed such a charge. A sua sponte agency charge would have improperly interfered with counsel's strategy, as discussed herein (see People v DeGina, 72 NY2d 768, 776 [1988]). In any event, there was no reasonable view of the evidence to support such a charge. The totality of the evidence, including, among other things, defendant's statements during the transaction, made clear that he was not assisting the buyer in making a purchase, but was instead a participant in the sale as part of a drug trafficking operation.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Although defendant claims that the evidence failed to disprove an agency defense, as that instruction was not given to the jury, we are required to review the weight of the evidence in light of the court's charge (see id.; People v Noble, 86 NY2d 814, 815 [1995]). Moreover, as we have already stated, there was not even a reasonable view supporting that defense. In any event, even assuming such a reasonable view, there was ample evidence to refute any claim of agency.
Defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. Counsel explained that an agency defense would be difficult to establish without testimony from defendant, which would be undermined by defendant's contradictory grand jury testimony. Counsel also explained that an agency defense would open the door to evidence of defendant's considerable history of drug crimes (see People v Valentin, 29 NY3d 150, 155-56 [2017]). Instead, counsel pursued an objectively reasonable, although unsuccessful, strategy in which he indirectly presented an agency defense and argued defendant lacked the intention to make a drug sale because his true purpose was to flirt and spend time with the undercover officer. Defendant has also failed to establish that a true agency defense had any greater chance of success, or that counsel's choice of strategy caused him any prejudice.
We have considered and rejected defendant's remaining challenges to his attorney's performance, and his arguments regarding his CPL 440.10 motion.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 24, 2018
CLERK