People v Hasquins (2020 NY Slip Op 03610)





People v Hasquins


2020 NY Slip Op 03610


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Renwick, J.P., Mazzarelli, Webber, Kern, Moulton, JJ.


11708 3662/16

[*1] The People of the State of New York, Respondent,
v
Tyquan Hasquins, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Margaret E. Knight of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Christopher P. Marinelli of counsel), for respondent.



Judgment, Supreme Court, New York County (Charlotte E. Davidson, J. at motion to be relieved; Laura A. Ward at dismissal motion; A. Kirke Bartley, Jr., J. at jury trial and sentencing), rendered September 14, 2017, convicting defendant of robbery in the third degree and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of three to six years, unanimously affirmed.
A defendant should be present at an ancillary proceeding where his lawyer is to be relieved from his case (People v Moya, 138 AD3d 620 [1st Dept 2016]). Criminal Court granted defendant's first attorney's motion to be relieved. However, defendant's absence did not constitute reversible error under the facts of this case (id.) Defendant was not present when the attorney represented to the court that he and defendant disagreed over defendant's desire to testify before the grand jury, that defendant wanted new counsel, and that the attorney joined the motion. However, defendant had been present at an earlier proceeding when this attorney first alerted the court to the disagreement, and he did not dispute the attorney's statement that defendant "rejected" the idea that the attorney would ultimately decide whether defendant should testify before the grand jury. At a proceeding the day after this attorney's motion to be relieved, defendant's newly appointed second attorney also moved to be relieved. At that time, defendant confirmed that he had been dissatisfied with the first attorney's intention to withdraw grand jury notice, and insisted that he still wanted to testify, thus confirming that defendant and the first attorney had been in a state of irreconcilable disagreement (see People v Sides, 75 NY2d 822, 824 [1990]). The second attorney also confirmed that communication between defendant and the first attorney over the issue had broken down.
Under the circumstances, we find unpersuasive defendant's assertion that he was prejudiced by statements made, in his absence, by his first attorney. The violation of defendant's statutory right to attend the proceeding was de minimis because defendant's statements at other proceedings corroborate the first attorney's claims when he made the motion, and the outcome of the motion to be relieved, at this early stage of the proceeding, would not have been any different (see Roman, 88 NY2d at 26-29 [1996]; People v Sprowal, 84 NY2d 113, 118 [1994]).
Defendant received a reasonable opportunity to testify before the grand jury, and the court properly denied defendant's dismissal motion raising this issue (see People v Culbert, 136 AD3d 609, 609 [1st Dept 2016], lv denied 27 NY3d 1067 [2016]). Defendant was produced before the grand jury, but instead of availing himself of the opportunity to testify, he refused to acknowledge that his new counsel represented him, and then refused to cooperate with counsel, who, as discussed above, was the second attorney to represent him at the grand jury stage (see People v Davis, 287 AD2d 376 [1st Dept 2001], lv denied 97 NY2d 680 [2001]).
The trial court properly admitted a 911 call as an excited utterance (see generally People [*2]v Hernandez, 28 NY3d 1056 [2016]). The record establishes that the victim was still under the influence of the stress of the incident, and we have considered and rejected defendant's arguments to the contrary.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK