People v Godsent (2021 NY Slip Op 05783)





People v Godsent


2021 NY Slip Op 05783


Decided on October 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 21, 2021

Before: Renwick, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 


Ind No. 3229/17 Appeal No. 14439 Case No. 2018-4580 

[*1]The People of the State of New York, Respondent,
v
Gideon Godsent, Also Known as Godsent Gideon, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Hunter Haney of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Vincent Rivellese of counsel), for respondent.



Judgment, Supreme Court, New York County (Erika M. Edwards, J.), rendered May 16, 2018, convicting defendant, after a nonjury trial, of burglary in the second degree as a sexually motivated felony and sexual abuse in the first degree, and sentencing him to an aggregate term of seven years, unanimously affirmed.
The record establishes that defendant knowingly and voluntarily waived his right to a jury trial (see People v Smith, 6 NY3d 827 [2006], cert denied 548 U.S. 905 [2006]). Defendant, who executed a written waiver in open court, had ample time to consider whether to waive a jury trial, and when he finally informed the court that he wished to do so, he confirmed that he had discussed the matter with his counsel, was satisfied with counsel's representation, and was waiving the right voluntarily. The court's inquiry reflected that he understood what he was waiving and the ramifications of the waiver.
The court providently exercised its discretion in denying defendant's request to withdraw the jury waiver, as well as his subsequent requests for assignment of new counsel. The court correctly concluded that these requests, made while the trial was already in progress, were meritless delaying tactics (see e.g. People v Porto, 16 NY3d 93, 102 [2010]). Furthermore, defendant was not deprived of his right to conflict-free representation. Regardless of how counsel may have viewed the purported conflict, any conflict was of defendant's own making, including by way of filing a baseless, last-minute disciplinary complaint against counsel (see People v Walton, 14 AD3d 419, 420 [1st Dept 2005], lv denied 5 NY3d 796 [2005]).
Defendant was not deprived of his right to be present at all material stages of his prosecution, because the discussion at issue that was held in his absence did not involve matters in which he "may have something valuable to contribute" (People v DePallo, 96 NY2d 437, 443 [2001]). The court and defense counsel were only discussing steps that counsel's supervisor was taking to determine whether there would be ethics violations if counsel remained on the case in view of defendant's allegations of ineffective assistance, and the court merely decided whether to give the supervisor until noon or 2:15 p.m. to decide on a course of action. Unlike the situation in People v Moya (138 AD3d 620 [1st Dept 2016]), the discussion held in defendant's absence was not a proceeding to decide his request for new counsel, and anything that could be viewed as relevant to that request was repeated in defendant's presence, at a proceeding where the court did make that determination.
Defendant's request to proceed pro se was untimely (see People v Crespo, 32 NY3d 176 [2018]), equivocal (see People v LaValle, 3 NY3d 88, 105-107 [2004]), and, in any event, was abandoned following a colloquy with the court. The court had discretion to direct that defendant's present counsel remain as standby counsel over defendant's objection (see People v Findley, 160 AD3d [*2]492, 492-493 [1st Dept 2018], lv denied 31 NY3d 1116 [2018]), and there was nothing improper about the court informing defendant that this would be its ruling if defendant chose to represent himself.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the court's credibility determinations.
The victim's out-of-court statements did not qualify as excited utterances and should not have been admitted under that hearsay exception (see People v Johnson, 1 NY3d 302, 306-307 [2003]). Nevertheless, the victim's initial reports of the crime to a neighbor and to the security staff were correctly admitted under the alternative theory that they constituted prompt outcries (see People v McDaniel, 81 NY2d 10, 16 [1993]). While the remaining two statements did not qualify as prompt outcries, their admission was harmless, particularly as this was a nonjury trial. The evidence against defendant was overwhelming, and there is no reasonable possibility that defendant would have been acquitted absent the error (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Defendant's procedural claims regarding his sentencing are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that defendant is not entitled to a resentencing. To the extent inflammatory allegations of decades-old uncharged crimes unrelated to the instant offense were contained in a statement presented to the court, any error in allowing it was harmless, because nothing indicates that this information influenced the court's sentencing decision. We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2021