People v Fuller (2022 NY Slip Op 06765)

People v Fuller

2022 NY Slip Op 06765

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Acosta, P.J., Kern, Singh, Scarpulla, Pitt, JJ. 

Ind. No. 846/15, 3369/16 Appeal No. 16747 Case No. 2019-05433 

[*1]The People of the State of New York, Respondent,
v
Shaquille Fuller, Defendant-Appellant.

Edelstein & Grossman, New York (Jonathan I. Edelstein of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.

Judgment, Supreme Court, New York County (James M. Burke, J.), rendered June 7, 2017, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree, attempted assault in the first degree, assault in the second degree and criminal possession of a weapon in the second degree (four counts), and sentencing him to an aggregate term of 50 years to life, unanimously affirmed.
The verdicts convicting defendant of attempted murder and related crimes in one incident, and murder in a later, connected incident, were not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. As to each incident, the testimony of the witnesses about whom defendant raises credibility issues was extensively corroborated by various other forms of evidence. Although, in the homicide incident, no eyewitness saw the actual killing, the evidence, viewed as a whole, amply supports the conclusion that it was defendant who shot the victim.
The court providently exercised its discretion in admitting, as probative of identity, a photograph of defendant holding a pistol (see generally People v Molineux, 168 NY 264, 293 [1904]). In the photo, defendant was wearing a very distinctive jacket, similar to a jacket worn by a man shown in a surveillance videotape relating to the homicide. Furthermore, the photo also depicted defendant's companion, who had completed an application to purchase a pistol on a trip with defendant to Pennsylvania, and thus provided evidence tending to connect defendant to the purchase application. Therefore, under the circumstances of the case, the photograph also tended to show defendant's effort to obtain a firearm for commission of the charged crimes. The probative value of the photograph exceeded the potential for prejudice (see People v Alvino, 71 NY2d 233, 242 [1987]), and the court issued an appropriate limiting instruction.
Defendant did not preserve his claim that the admission of an autopsy report and a medical examiner's testimony violated the Confrontation Clause, and we decline to review it in the interest of justice. Defendant's general objection failed to preserve this claim (see People v Tevaha, 84 NY2d 879, 881 [1994]). On appeal, defendant asserts that, at a voir dire of the medical examiner immediately preceding the general objection, trial counsel asked questions having the effect of raising a Confrontation Clause issue. However, counsel merely elicited that the testifying medical examiner neither performed the autopsy nor wrote the report. To the extent those questions may have alluded to some issue, they were consistent with a hearsay claim under state evidentiary law, and raising such an issue does not preserve a Confrontation Clause claim (People v Kello, 96 NY2d 740, 743-744 [2001]; People v Maher, 89 NY2d 456, 462-463 [1997]). To the extent defendant is claiming ineffective assistance [*2]of counsel with regard to the lack of preservation, we reject that claim (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]) .
As an alternative holding, we find that the report and accompanying testimony were correctly admitted, and that, in any event, they did not contribute to defendant's conviction. The Court of Appeals has adhered to its holdings that autopsy reports are not testimonial (see People v John, 27 NY3d 294, 315 [2016]; People v Freycinet, 11 NY3d 38, 42 [2008]), and the Supreme Court of the United States has not ruled otherwise. Furthermore, we also find that the People have proven "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained" (Chapman v California, 386 US 18, 24 [1967]). The cause of the victim's death was undisputed, and the only issue was the killer's identity. Although causation was an element of the crime, the jury could have readily inferred the cause of death from other evidence in the case, especially where it was uncontested. Nothing in the autopsy report had any bearing on the issue of identity, and to the extent the location of the gunshot wounds could be viewed as relevant, the same information was before the jury by way of photographs (see People v Ortega, 202 AD3d 489, 492 [1st Dept 2022], lv granted 38 NY3d 1073 [2022]; compare Garlick v Lee, 1 F4th 122, 136 [2d Cir 2021] [autopsy report was "strongest evidence" and was "not cumulative"]).
The court providently exercised its discretion in imposing reasonable limits on defendant's cross-examination of the victim of the first shooting. Defendant did not preserve his claim that these limitations prevented him from developing evidence that might have supported a justification defense, or his challenges to the testimony of the murder victim's mother, and we decline to review them in the interest of justice. As an alternative holding, we reject these claims on the merits. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022