People v Sharma (2023 NY Slip Op 00743)

People v Sharma

2023 NY Slip Op 00743

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Kern, J.P., Singh, Shulman, Pitt-Burke, Higgitt, JJ. 

Ind. No. 2421/16, 2839/16 Appeal No. 17273-17274 Case No. 2019-05422 

[*1]The People of the State of New York, Respondent,
v
Shiva Sharma, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Beth Fisch Cohen of counsel), for respondent.

Judgment, Supreme Court, New York County (Ann E. Scherzer, J.), rendered August 6, 2019, convicting defendant, after a jury trial, of manslaughter in the second degree, vehicular manslaughter in the second degree and aggravated unlicensed operation of a motor vehicle in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 5½ to 11 years; and judgment, same court (James M. Burke, J. at motions; Ann E. Scherzer, J. at plea and sentencing), rendered August 6, 2019, as amended August 22, 2019, convicting defendant of criminal possession of a forged instrument in the second degree (two counts) and identity theft in the first and third degrees, and sentencing him, as a second felony offender, to a consecutive aggregate term of two to four years, unanimously affirmed, without costs.
Defendant's challenge to the admission of an autopsy report prepared by a nontestifying medical examiner as violating the Confrontation Clause is unpreserved, and we decline to review it in the interest of justice (see People v Fuller, 210 AD3d 597, 598 [1st Dept 2022]). Defendant's only objection to the autopsy report was a request for certain redactions, which the court granted. Although defense counsel pointed out that the testifying medical examiner did not perform the autopsy, this was in connection with objecting to this expert giving her independent opinion. Defendant asserts that this objection "necessarily encompassed" an objection to the report. However, rather than objecting to the report itself, counsel was essentially arguing that the People were bound by the contents of the report, and that there should be no elaboration by an expert who did not take part in the autopsy. As an alternative holding, we find that the People have proven "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained" (Chapman v California, 386 US 18, 24 [1967]). The only contested issue at trial was whether it was defendant or the deceased who was driving the car at the time of the fatal crash. There was overwhelming evidence of defendant's guilt, including unequivocal testimony by a large number of neutral eyewitnesses and first responders (not addressed in defendant's brief) that defendant was the driver and that the deceased was the passenger, who had to be extricated from the passenger seat. The autopsy report added little or nothing to this evidence, and any light it shed on the identity of the driver, by way of the nature of the deceased's injuries, was contained in photographs.
Defendant failed to preserve his challenges to the prosecutor's elicitation of testimony that some of defendant's prior license suspensions resulted from speeding violations as impermissibly showing a propensity for speeding, and to the prosecutor's related remarks about his speeding in summation, and we decline to review them in the interest of justice. Defendant's appellate claim regarding surprise provides no reason to excuse [*2]his default in raising this issue at trial. As an alternative holding, we find that evidence of defendant's prior speeding violations was properly admitted as proof of his commission of aggravated unlicensed operation of a motor vehicle in the first degree, and as proof of the mens rea elements of both second-degree (reckless) manslaughter and criminally negligent homicide (see People v Caban, 14 NY3d 369, 374-75 [2010]). Although "defendant complains that some of the People's arguments are raised for the first time on appeal . . ., this is a consequence of the procedural posture of the case, in which defendant did not litigate the present issue" (People v Calderon, 92 AD3d 606 [1st Dept 2012], lv denied 19 NY3d 958 [2012]). In any event, we note that the People offered "defendant's prior driving record" in connection with the homicide charges as well as the Vehicle and Traffic Law charges. Nor was defendant deprived of a fair trial by the prosecutor's brief summation remarks on this evidence (see People v Overlee, 236 AD2d 133, 143 [1st Dept 1997], lv denied 91 NY2d 976 [1998]).
Turning to defendant's conviction by guilty plea, we find that defendant's claim that he was denied his right to testify before the grand jury is foreclosed by that plea (see People v Weems, 61 AD3d 472 [1st Dept 2009], lv denied 13 NY3d 750 [2009]), as well as by defendant's valid waiver of his right to appeal. In any event, the motion court properly denied defendant's motion to dismiss the indictment because the People afforded him notice and a reasonable opportunity to testify before the grand jury (see People v Hasquins, 184 AD3d 529, 530 [1st Dept 2020], lv denied 36 NY3d 973 [2020]).
Defendant's ineffective assistance of counsel claim in this regard is unavailing (see People v Simmons, 10 NY3d 946, 949 [2008]; People v Wiggins, 89 NY2d 872 [1996])THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023