[65 NE3d 1272, 43 NYS3d 237]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODOLFO HERNANDEZ, Appellant.

Argued November 15, 2016; decided December 15, 2016

## APPEARANCES OF COUNSEL

*Lynn W.L. Fahey, Appellate Advocates*, New York City (*Anna Pervukhin* of counsel), for appellant.

*Michael E. McMahon, District Attorney*, Staten Island (*Anne Grady* and *Morrie I. Kleinbart* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant was convicted, after a jury trial, of one count each of sexual abuse in the first degree and endangering the welfare of a child for sexually touching a three-year-old girl on the bus defendant drove. On appeal, he argues that the trial court erred in allowing the child's mother and father to testify about certain statements the child made to them shortly after the alleged abuse occurred and then several hours later at a hospital, both under the excited utterance exception to the hearsay rule.

That exception permits a court to admit an out-of-court statement made in response to a startling or upsetting event, if the circumstances surrounding the statement reveal that it was made while the declarant was under the stress of excitement and "lack[ed] the reflective capacity essential for fabrication" (*see People v Johnson*, 1 NY3d 302, 306 [2003]). The decision to admit hearsay as an excited utterance is left to the sound judgment of the trial court, which must consider, among other things, the nature of the startling event, the amount of time between the event and the statement, and the activities of the declarant in the interim (*see People v Edwards*, 47 NY2d 493, 497 [1979]). "Above all, the decisive factor is whether the surrounding circumstances reasonably justify the conclusion that the remarks were not made under the impetus of studied reflection" (*id.*).

We discern no error in the admission of the child's initial statements to her mother and father as excited utterances. The evidence established that the child was in a highly emotional state when she first stepped off the bus and that she continued to cry inconsolably as she uttered the phrase "Señor Bus" to her mother and father at home and made a licking gesture with her tongue. Those statements were made within a half hour of the startling event, while the child was still under the stress of excitement, and therefore were properly admitted at trial (*see People v Brown*, 70 NY2d 513, 518 [1987]).

The child repeated the same phrase and gesture to her parents three hours later at a hospital and also pulled her

mother's hand to the child's genital area. Even accepting defendant's contention that the stress of excitement had sufficiently abated by the time the child made those later statements, any error in their admission was harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).* Forensic testing confirmed the presence of defendant's DNA in the child's underwear, and the bus matron provided unrefuted testimony that defendant had altered his bus route in such a way that the child was alone with defendant for approximately 30 minutes on the day of the incident. Additionally, the child's mother testified that the child ran into the house screaming and crying as soon as she got off the bus, and that the child's underwear had been pulled down and were bunched up inside the leg of her pants. The emergency room doctor found redness and a sore on the child's genital area that he believed were the result of external trauma, i.e., touching.

This and other evidence at trial provided overwhelming proof of defendant's guilt, and there was no significant probability that the jury would have reached a different conclusion if the hearsay statements from the hospital had been excluded (*see Kello*, 96 NY2d at 743-744).

Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

Order affirmed, in a memorandum.

---

* Because defendant did not object to the admission of the child's statements on constitutional grounds, the proper standard of harmless error analysis is that of nonconstitutional trial error—i.e., "whether (1) proof of guilt was overwhelming; and (2) there was no significant probability that the jury would have acquitted had the proscribed evidence not been introduced" (*People v Kello*, 96 NY2d 740, 744 [2001]).