THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FLEMING, Appellant. [60 NYS3d 880]—

Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered April 21, 2015. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child and sexual abuse in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of predatory sexual assault against a child (Penal Law § 130.96) and sexual abuse in the second degree (§ 130.60 [2]), defendant contends that County Court failed to comply with the requirements of CPL 310.30, as set forth in *People v O'Rama* (78 NY2d 270, 276-277 [1991]), in responding to an inquiry by the jury during deliberations. We conclude that defendant failed to preserve his contention for our review (*see generally* CPL 470.05 [2]), and we reject his assertion that preservation was not required under these circumstances (*see People v Williams*, 142 AD3d 1360, 1362 [2016], *lv denied* 28 NY3d 1128 [2017]). It is well settled that "[c]ounsel's knowledge of the precise content of the [jury] note . . . removes the claimed error from the very narrow class of mode of proceedings errors for which preservation is not required" (*People v Morris*, 27 NY3d 1096, 1098 [2016]) and, here, the Court "read the precise content of the note into the record in the presence of counsel, defendant, and the jury" (*id.* at 1097; *see People v*

*Nealon*, 26 NY3d 152, 154 [2015]). We likewise reject defend-ant's further contention that the court's response to a juror's one-word inquiry was a mode of proceedings error. "Defense counsel was aware of the content of the juror['s] comment[ ], which [was] made out loud in open court, and did not object to anything the judge or prosecutor did in response" (*People v Mays*, 20 NY3d 969, 971 [2012]; *see People v Mostiller*, 145 AD3d 1466, 1467-1468 [2016], *lv denied* 29 NY3d 951 [2017]). Therefore, the court did not violate its core *O'Rama* responsi-bilities, and preservation was required (*see Mostiller*, 145 AD3d at 1467-1468). We decline to exercise our power to review de-fendant's *O'Rama* contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Whalen, P.J., Smith, Carni, DeJoseph and Curran, JJ.