People v Brown (2019 NY Slip Op 07997)





People v Brown


2019 NY Slip Op 07997


Decided on November 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2019

Richter, J.P., Webber, Gesmer, Oing, JJ.


10271 1201/16

[*1] The People of the State of New York, Respondent,
v
Darrin Brown, Defendant-Appellant.


Center for Appellate Litigation, New York (Robert S. Dean of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Aaron Zucker of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered May 3, 2017, convicting defendant, after a jury trial, of sexual abuse in the third degree, and sentencing him to one year of probation, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification. Although none of the witnesses actually saw defendant touch the victim's buttocks, the inference is inescapable that defendant did so. Contrary to defendant's assertion, this was not the victim's "surmise." Immediately after feeling such contact, she turned around and saw defendant, the only person in a position to have touched her. He was standing directly behind her and continuing to press into her, and he then held his crotch and asked the victim to touch it. Moreover, other persons in the store where this occurred corroborated the victim's testimony.
The court providently exercised its discretion in admitting the victim's statement to a police officer as an excited utterance (see generally People v Hernandez, 28 NY3d 1056, 1057 [2016]). It is undisputed that the victim experienced a startling event (the unwanted sexual contact) and that the statement was made just a few minutes later, while the victim was still visibly upset. The victim personally observed the facts underlying her accusation of defendant (see People v Cummings, 31 NY3d 204, 209-210 [2018]), and defendant's argument that she did not personally observe him touch her is unavailing for the reasons stated above. We likewise reject defendant's argument that the victim's excited state was not attributable to the sexual abuse but rather to an intervening fight in the store involving defendant and others. The sexual abuse and ensuing fight constituted one continuous event, and the fight did not at any rate create an opportunity for studied reflection so as to call the veracity of the victim's statement into question (see generally Hernandez, 28 NY3d at 1057). Moreover, any error was harmless (see People v Ludwig, 24 NY3d 221, 230 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 7, 2019
CLERK