People v Yiqiao Wang (2021 NY Slip Op 00813)





People v Yiqiao Wang


2021 NY Slip Op 00813


Decided on February 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 09, 2021

Before: Manzanet-Daniels, J.P., Gische, González, Shulman, JJ. 


Ind No. 4975/17 Appeal No. 13089 Case No. 2019-3069 

[*1]The People of the State of New York, Respondent,
v
Yiqiao Wang, Defendant-Appellant.


Myers & Galiardo, LLP, New York (Matthew D. Myers of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rachel Bond of counsel), for
respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered February 28, 2019, convicting defendant, after a jury trial, of rape in the third degree, criminal sexual act in the third degree (two counts), forcible touching and assault in the third degree, and sentencing him to an aggregate term of three years, unanimously affirmed.
The court providently exercised its discretion in admitting the victim's 911 call as an excited utterance. The call was made 20 to 30 minutes after the victim had been raped and assaulted at defendant's apartment, while she was crying, and after she had unsuccessfully tried to find a police station to report the incident. The call and surrounding circumstances establish that the victim made her statements while she was under the stress of excitement and lacked the reflective capacity essential for fabrication (see People v Hernandez, 28 NY3d 1056, 1057 [2016]; Guide to NY Evid rule 8.17, Excited Utterance).
The court properly denied defendant's challenge for cause to a prospective juror who had been a victim of sexual abuse in college. As the court noted, the prospective juror never said that she could not be impartial. Instead, she consistently stated that she would render a verdict based on the evidence in this case, not her emotions, that the nature of the charges would not influence her verdict, that she would follow instructions to require the People to prove defendant's guilt beyond a reasonable doubt, and ultimately, that she would do what she was "supposed to do" and render a verdict based on the evidence, not her experience (see People v Shulman, 6 NY3d 1, 27 [2005]). Defendant's assertions that the juror stated that she had been raped and that she ultimately was seated are contradicted by the record.
By failing to object, or by failing to seek further relief when the court sustained his objections, defendant failed to preserve any of his challenges to the People's summation, and we decline to review them in the interest of justice. As an alternative holding, we find that the challenged remarks were responsive to the defense's attacks on the victim's credibility, and that nothing in the summation deprived defendant of a fair trial (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1992];
People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2021