People v Guzman (2021 NY Slip Op 03998)





People v Guzman


2021 NY Slip Op 03998


Decided on June 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 22, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Mendez, JJ. 


Ind No. 5332/16 5332/16 Appeal No. 14106 Case No. 2017-03382 

[*1]The People of the State of New York, Respondent,
v
Luis Guzman, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Rutkin-Becker of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Julia Gorski of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael Sonberg, J.), rendered November 1, 2017, convicting defendant, after a jury trial, of forcible touching, and sentencing him to six years' probation, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The fact that defendant was acquitted of another charge does not warrant a different conclusion (see People v Rayam, 94 NY2d 557 [2000]).
Defendant did not preserve his challenge to statements, admitted as excited utterances, that the victim made to two coworkers within half an hour of being forcibly touched by defendant, and we decline to review it in the interest of justice. Defendant's objection can only be understood as contingent on the sufficiency of the foundation to be laid for this evidence, and after the foundation was laid, defendant abandoned the issue (see People v Graves, 85 NY2d 1024, 1027 [1995]). As an alternative holding, we find that the court providently exercised its discretion in receiving this evidence (see People v Hernandez, 28 NY3d 1056, 1057 [2016]). The mere fact that the victim at first declined to tell the coworkers what had happened does not establish that the victim, who was in emotional turmoil and was crying and shaking, was no longer under the influence of the stressful event.
We perceive no basis for reducing defendant's sentence. We have considered and rejected defendant's remaining claim regarding his sentencing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2021