People v Martin (2021 NY Slip Op 06290)





People v Martin


2021 NY Slip Op 06290


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, WINSLOW, AND BANNISTER, JJ.


980 KA 20-00293

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MAURICE MARTIN, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (TYLER B. BUGDEN OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered February 3, 2020. The judgment convicted defendant upon his plea of guilty of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and thus does not preclude our review of defendant's challenge to County Court's refusal to grant him youthful offender status, we nevertheless affirm the judgment. Contrary to defendant's contention, the court did not abuse its discretion in declining to grant him youthful offender status (see People v McCall, 177 AD3d 1395, 1396 [4th Dept 2019], lv denied 34 NY3d 1130 [2020]; People v Rice, 175 AD3d 1826, 1826 [4th Dept 2019], lv denied 34 NY3d 1132 [2020]), particularly in light of the nature of the offense and the manner in which it was committed (see People v Lester, 167 AD3d 1559, 1560 [4th Dept 2018], lv denied 32 NY3d 1206 [2019]; People v Ford, 144 AD3d 1682, 1683 [4th Dept 2016], lv denied 28 NY3d 1184 [2017]), and we decline to exercise our interest of justice jurisdiction to adjudicate defendant a youthful offender (see People v Chambers, 176 AD3d 1600, 1600-1601 [4th Dept 2019], lv denied 34 NY3d 1076 [2019]; cf. People v Keith B.J., 158 AD3d 1160, 1160-1161 [4th Dept 2018]).
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court