People v Nosea (2023 NY Slip Op 00242)

People v Nosea

2023 NY Slip Op 00242

Decided on January 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 19, 2023

Before: Renwick, J.P., Webber, Moulton, González, Rodriguez, JJ. 

Ind No. 4164/15 Appeal No. 17137 Case No. 2018-1712 

[*1]The People of the State of New York, Respondent,
v
John Nosea, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Margaret E. Knight of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.

Judgment, Supreme Court, New York County (Anthony J. Ferrara, J.), rendered March 13, 2017, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of six months, with three years' probation, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supports the conclusion that defendant caused physical injury to the victim by means of an umbrella, constituting a dangerous instrument. The jury could have reasonably inferred from the type and location of the victim's injuries that they were caused by being struck over the head by an object rather than by being punched or falling to the ground.
The court providently exercised its discretion in admitting the victim's wife's statement to the responding detective as an excited utterance (see People v Hernandez, 28 NY3d 1056, 1057 [2016]; People v Brown, 70 NY2d 513, 520-522 [1987]). The statement was precipitated by an event that was startling and traumatic to the witness, where she saw defendant beating her husband over the head with an umbrella, causing extensive bleeding. Her demeanor indicated that she had remained under the influence of the stress of the incident at the time she spoke to the detective.
The prosecutor's summation argument that defendant had been engaged in bullying the victim and his wife was fair comment on the evidence and was not an appeal for sympathy. Defendant's remaining challenges to the prosecutor's summation, and his arguments concerning the court's conduct, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. With the exception of a speculative argument for which the court gave a sufficient curative instruction, the remaining summation comments at issue constituted permissible comment on credibility issues and were responsive to defendant's summation arguments (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). As for the court's conduct, we find that the court acted within its discretion (see People v Moulton, 43 NY2d 944, 945 [1978]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2023