People v Davis (2023 NY Slip Op 01765)

People v Davis

2023 NY Slip Op 01765

Decided on April 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2023

Before: Webber, J.P., Oing, Gesmer, Mendez, Shulman, JJ. 

Ind. No. 973/20 Appeal No. 17626 Case No. 2022-03406 

[*1]The People of the State of New York, Respondent,
v
Monet Davis, Appellant.

Rosenberg Law Firm, Brooklyn (Kevin Michael Dunshee of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.

Judgment, Supreme Court, New York County (Abraham L. Clott, J.), rendered February 3, 2022, convicting defendant, after a jury trial, of attempted murder in the second degree, attempted assault in the first degree and criminal possession of a weapon in the second degree (two counts), and sentencing her to concurrent terms of eight years, unanimously affirmed.
Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The totality of the evidence regarding events before, during and after the crime, including a surveillance videotape, support the conclusion that
defendant was aware her father had obtained a firearm, and that, with homicidal intent, she importuned him to shoot the victim.
Defendant did not preserve her arguments that the People made improper remarks in their opening statement and summation, and we decline to review these claims in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133, 136 [1st Dept 1997], lv denied 91 NY2d 976 [1998]). The People made permissible comments on the demeanor and credibility of witnesses, including defendant.
The court providently exercised its discretion in admitting the victim's statement to his mother as an excited utterance (see People v Edwards, 47 NY2d 493, 497 [1979]). Although the statement was made over half an hour after the shooting, the victim's mother testified that he remained visibly upset, crying, and anxious at the time he spoke (see People v Hernandez, 28 NY3d 1056, 1057 [2016]). The intervening events of picking up his young son and fleeing to his mother's house do not "suggest[] fabrication or any indication that [he] was no longer under the stress of the event" (People v Carter, 176 AD3d 552 [1st Dept 2019], lv denied 34 NY3d 1157 [2020]).
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2023