People v Benjamin-Foster (2023 NY Slip Op 02241)

People v Benjamin-foster

2023 NY Slip Op 02241

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

363 KA 19-02187

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TEVIN BENJAMIN-FOSTER, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered October 4, 2019. The judgment convicted defendant upon his plea of guilty of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). As defendant contends and the People correctly concede, defendant did not validly waive his right to appeal. Supreme Court's oral colloquy mischaracterized the waiver as an absolute bar to the taking of an appeal (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US —, 140 S Ct 2634 [2020]; People v Davis, 188 AD3d 1731, 1731 [4th Dept 2020], lv denied 37 NY3d 991 [2021]). Although the record establishes that defendant executed a written waiver of the right to appeal, the written waiver did not cure the defects in the oral colloquy (see Davis, 188 AD3d at 1732).
Defendant contends that Penal Law § 265.03 (3) is unconstitutional in light of the United States Supreme Court's decision in New York Rifle & Pistol Assn., Inc. v Bruen (— US —, 142 S Ct 2111 [2022]). Inasmuch as defendant failed to raise a constitutional challenge to the statute before the court, any such contention is not preserved for our review (see People v Jacque-Crews, 213 AD3d 1335, 1335-1336 [4th Dept 2023], lv denied — NY3d — [2023]; People v Reese, 206 AD3d 1461, 1462 [3d Dept 2022]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). Contrary to defendant's contention, we conclude that his constitutional challenge is not exempt from the preservation rule (see People v Thomas, 50 NY2d 467, 472-473 [1980]; Jacque-Crews, 213 AD3d at 1336).
Defendant contends that his term of interim probation was revoked without due process of law. That contention is not preserved for our review (see People v Alsaaidi, 173 AD3d 1836, 1837 [4th Dept 2019], lv denied 35 NY3d 940 [2020]; People v Butler, 151 AD3d 1959, 1960 [4th Dept 2017], lv denied 30 NY3d 948 [2017]; see also People v Peckham, 195 AD3d 1437, 1438 [4th Dept 2021], lv denied 37 NY3d 994 [2021]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). Defendant further contends that the court did not properly consider whether he should receive youthful offender status because it had predetermined that he would not receive youthful offender status if he violated his conditions of interim probation. We reject that contention. The court advised defendant during the plea colloquy that it could adjudicate him a youthful offender in its discretion, even if defendant violated the conditions of interim probation. After finding that defendant had violated the conditions of interim probation, the court at sentencing considered the appropriate factors before exercising its discretion to not grant defendant youthful offender status [*2](see generally People v Rudolph, 21 NY3d 497, 499 [2013]; People v Rice, 175 AD3d 1826, 1826 [4th Dept 2019], lv denied 34 NY3d 1132 [2020]).
We decline defendant's request that we exercise our discretion in the interest of justice to afford him youthful offender status (see People v Martin, 199 AD3d 1402, 1402 [4th Dept 2021], lv denied 37 NY3d 1162 [2022]; People v Spencer, 197 AD3d 1004, 1005 [4th Dept 2021], lv denied 37 NY3d 1099 [2021]). Finally, contrary to defendant's contention, the sentence is not unduly harsh or severe.
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court