People v Lopez-Nunez (2025 NY Slip Op 03451)

People v Lopez-nunez

2025 NY Slip Op 03451

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND KEANE, JJ.

342 KA 18-00225

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSE E. LOPEZ-NUNEZ, ALSO KNOWN AS ALEX O. GONZALEZ, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (GUY A. TALIA OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMY WALENDZIAK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered November 29, 2017. The judgment convicted defendant upon his plea of guilty of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]) and sentencing him as a persistent violent felony offender. We agree with defendant, and the People correctly concede, that the waiver of the right to appeal is invalid. Supreme Court's "oral waiver colloquy and the written waiver signed by defendant together 'mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal and the attendant rights to counsel and poor person relief, as well as a bar to all postconviction relief, and there is no clarifying language in either the oral or written waiver indicating that appellate review remained available for certain issues' " (People v Johnson, 192 AD3d 1494, 1495 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Benjamin-Foster, 215 AD3d 1277, 1277 [4th Dept 2023], lv denied 40 NY3d 927 [2023]).
At sentencing, defendant admitted his prior convictions and did not dispute the periods of incarceration listed in the persistent violent felony offender statement. On appeal, relying on Erlinger v United States (602 US 821 [2024]), defendant contends that the sentencing procedure pursuant to which he was adjudicated a persistent violent felony offender is unconstitutional, requiring remittal for resentencing as a first-time felony offender. Defendant failed to preserve his contention for our review (see People v Hernandez, — NY3d &mdash, 2025 NY Slip Op 00904, *3 [2025]). Defendant also failed to preserve for our review his contention that the People failed to comply with CPL 400.15 (2) because they did not list the actual correctional facilities where defendant was imprisoned (see People v Pellegrino, 60 NY2d 636, 637 [1983]; People v Hernandez, 188 AD3d 1357, 1359 [3d Dept 2020], lv denied 36 NY3d 1057 [2021]; People v Camp, 134 AD3d 1470, 1471 [4th Dept 2015], lv denied 27 NY3d 1066 [2016]). We decline to exercise our power to review defendant's contentions as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court