People v Emanuel (2025 NY Slip Op 04354)

People v Emanuel

2025 NY Slip Op 04354

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

486 KA 24-00713

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMISON L. EMANUEL, DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CHRISTINE K. CALLANAN, DISTRICT ATTORNEY, LYONS (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Richard M. Healy, J.), rendered February 22, 2024. The judgment convicted defendant upon a jury verdict of attempted murder in the second degree, criminal possession of a weapon in the second degree (two counts), and grand larceny in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]), and one count of grand larceny in the third degree (§ 155.35 [1]), stemming from two separate incidents. The first three counts relate to allegations that defendant attempted to murder the victim by shooting at her multiple times as she stood in her doorway. The final count relates to defendant's alleged failure to return that victim's vehicle after she allowed him to borrow it for a week or two, prompting her to file a complaint with the police.
Contrary to defendant's contention, County Court did not err in refusing to suppress statements defendant made after being informed of the charges against him. While defendant was in custody and had not yet been provided with Miranda warnings, he asked an officer at the police station what crimes he was being charged with. The officer responded, "[t]wo counts of criminal possession of a weapon." The officer's statement, made in direct response to defendant's question, did not constitute interrogation inasmuch as it was not "intended or likely to elicit an incriminating response" (People v Wearen, 19 AD3d 1133, 1134 [4th Dept 2005], lv denied 5 NY3d 834 [2005] [internal quotation marks omitted]; see People v Cirino, 203 AD3d 1661, 1663 [4th Dept 2022], lv denied 38 NY3d 1132 [2022]). Indeed, the officer was required by law to inform defendant "of the reason for [his] arrest" (CPL 140.15 [2]).
Defendant further contends that the court erred in admitting in evidence testimony regarding statements made by the victim to others after the shooting. We reject that contention. The statements the victim made to her daughter moments after the shooting were admissible as excited utterances in light of "the nature of the startling event, the amount of time between the event and the statement, and the activities of the declarant in the interim" (People v Hernandez, 28 NY3d 1056, 1057 [2016]; see People v Vernay, 174 AD3d 1485, 1486 [4th Dept 2019]). The statements the victim made a few minutes later to an officer investigating the incident were further removed in time, but we cannot conclude that the court erred in determining that the victim was still "under the stress of excitement and 'lack[ed] the reflective capacity essential for fabrication' " (Hernandez, 28 NY3d at 1057). Even assuming, arguendo, that the court erred in admitting testimony about the victim's statements to the officer, we conclude that any such error was harmless. The evidence of defendant's guilt was overwhelming and there was no significant probability that the jury would have reached a different conclusion had the statements been [*2]excluded inasmuch as identical statements the victim made to her daughter were properly admitted and defendant was able to cross-examine the victim at trial with respect to all prior statements (see generally id. at 1058; People v Tirado, 175 AD3d 970, 971 [4th Dept 2019], lv denied 34 NY3d 984 [2019], reconsideration denied 34 NY3d 1133 [2020]; People v Swift, 160 AD3d 1341, 1342 [4th Dept 2018], lv denied 31 NY3d 1122 [2018]).
Although defendant contends that the court erred in directly addressing the jury foreperson (see generally CPL 310.30; People v O'Rama, 78 NY2d 270, 276-278 [1991]), he failed to preserve that contention for our review because he did not object to the court's procedure in responding to the jury foreperson's oral request for a written copy of the elements of various charges (see People v Fleming, 153 AD3d 1648, 1649 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]; People v Peller, 8 AD3d 1123, 1124 [4th Dept 2004], lv denied 3 NY3d 679 [2004]). The jury made a written request for instruction on the elements of the charges and, after the contents of the note were read verbatim into the record in the presence of defense counsel and the jury, the jury foreperson made an oral request, also in the presence of defense counsel and the jury, for the jurors to have "those elements written down." Inasmuch as the court "complied with its core responsibility to give counsel meaningful notice of the jury's notes" (People v Nealon, 26 NY3d 152, 160 [2015]), we conclude that there was no mode of proceedings error and that defense counsel thus "was required to object in order to preserve a claim of error for appellate review" (id.). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contention that he was denied effective assistance of counsel based on defense counsel's failure to object to the court's procedure. That single error was not " 'sufficiently egregious and prejudicial as to compromise . . . defendant's right to a fair trial' " (People v Watkins, 42 NY3d 635, 640 [2024], cert denied — US &mdash, 145 S Ct 459 [2024], quoting People v Caban, 5 NY3d 143, 152 [2005]). Viewing the evidence, the law, and the circumstances of this case as a whole and as of the time of the representation, we conclude that defendant was afforded meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant contends that the verdict is against the weight of the evidence. Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject that contention (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The victim testified unequivocally that, in the early morning hours, she saw defendant firing a gun at her from the front seat of a white Mercedes. Defendant was the front seat passenger in a white Mercedes that was stopped, shortly after the shooting, along the shooter's anticipated route of travel based on the direction the victim saw him traveling after the shooting. The gun used in the shooting was later located along that same route of travel. Moreover, cell phone location data placed defendant near the victim's house at the time of the shooting, and a search of his cell phone revealed that, shortly after the shooting, defendant drafted a text stating "I just tried to gun [sic]."
With respect to the charge of grand larceny, the victim testified that she loaned the vehicle to defendant in exchange for drugs. According to their normal practice, he would return the vehicle within a week or two. After defendant failed to return the vehicle for several months, the victim repeatedly requested its return. Eventually, the victim warned defendant that she would report him to the police, which prompted numerous threatening text messages from defendant to the victim and, allegedly, the retaliatory shooting.
"Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, we must give great deference to the jury, given its opportunity to view the witnesses and observe their demeanor" (People v Barnes, 158 AD3d 1072, 1073 [4th Dept 2018], lv denied 31 NY3d 1011 [2018] [internal quotation marks omitted]).
Finally, at sentencing defendant admitted his prior conviction and did not dispute the relevant period of incarceration listed in the second violent felony offender statement, and thus his contention that he should be resentenced as a first-time felony offender based on the recent Supreme Court decision in Erlinger v United States (602 US 821 [2024]) is not preserved for our review (see People v Hernandez, — NY3d &mdash, 2025 NY Slip Op 00904 *3 [2025]; People v Lopez-Nunez, — AD3d &mdash, 2025 NY Slip Op 03451 *1 [4th Dept 2025]; People v Cox, 237 [*3]AD3d 1405, 1409 [3d Dept 2025]). We decline to exercise our power to
review that contention as a matter of discretion in the interest of justice.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court