People v Barry (2026 NY Slip Op 00854)

People v Barry

2026 NY Slip Op 00854

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Moulton, J.P., Friedman, González, O'Neill Levy, Chan, JJ. 

Ind. No. 2811/18|Appeal No. 5844|Case No. 2022-00527|

[*1]The People of the State of New York, Respondent,
vMustafa Barry, Defendant-Appellant.

Law Offices of Daniel A. McGuinness, New York (Daniel A. McGuinness of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered February 3, 2022, convicting defendant, after a jury trial, of kidnapping in the second degree, assault in the second degree, criminal possession of a weapon in the second and third degrees, unlawful imprisonment in the first degree, and bail jumping in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 22 to 24 years, unanimously affirmed.
The court properly admitted the nontestifying victim's statement under the excited utterance exception to the hearsay rule (see People v Hernandez, 28 NY3d 1056, 1057 [2016]; People v Johnson, 1 NY3d 302, 306 [2003]). The declarant made the statement to the officers who arrived on the scene shortly after the shooting at issue (People v Gantt, 48 AD3d 59, 71 [1st Dept 2007], lv denied 10 NY3d 765 [2008]). The officers also observed him to be limping and in pain, with an open gunshot wound to his leg (see People v Fratello, 92 NY2d 565, 570 [1998], cert denied 526 US 1068 [1999]). Given the circumstances, the declarant was "under the stress or influence of the excitement caused by the event" and as such, the statement was admissible as an excited utterance (People v Nieves, 67 NY2d 125, 135 [1986]; see Johnson, 1 NY3d at 306-307).
We perceive no basis for reducing defendant's sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026