People v Wright

2026 NY Slip Op 02212

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Dashawn Wright, Defendant-Appellant.

Decided and Entered: April 14, 2026

Ind. No. 2418/18|Appeal No. 6361|Case No. 2020-04321|

Before: Webber, J.P., Gesmer, Mendez, Pitt-Burke, Hagler, JJ.

The Legal Aid Society, New York (Aviva Galpert of counsel), for appellant.

Alvin L. Bragg, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.

[*1]

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered January 16, 2020, convicting defendant, after a jury trial, of burglary in the second degree and criminal trespass in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 7½ years on the burglary count and one year on the criminal trespass count, unanimously affirmed.

The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]). That the tenant, upon returning to her apartment, discovered defendant, a stranger, in her living room with two dresser drawers half-opened and their contents "shuffled around," along with defendant's series of implausible excuses for his presence, provided compelling proof that defendant entered her apartment with larcenous intent.

Defendant has not preserved his claim that the victim's 911 call was not admissible as an excited utterance or as a present sense impression (see People v Smith, 173 AD3d 414 [1st Dept 2019], lv denied 34 NY3d 938 [2019]), and we decline to review his claim in the interest of justice. As an alternative holding, we reject it on the merits. The 911 call was properly admitted under both the excited utterance and present sense impression exceptions to the hearsay rule (see People v Hernandez 28 NY3d 1056, 1057 [2016]; People v Brown, 80 NY2d 729, 734 [1993]). The record supports inferences that at the time of the call the victim was still under the influence of the stress of finding a stranger in her locked apartment, as well as that the substantial contemporaneity and corroboration requirements for admission of a present sense impression were met. In any event, any error in the admission of the 911 call was harmless. The victim testified at trial, and her credibility was fully tested through cross-examination (see People v Ludwig, 24 NY3d 221, 230 [2014]).

Since defendant did not object to any of the remarks made by the prosecutor in his summation he has not preserved his claim that those remarks denied him a fair trial (see People v Romero, 7 NY3d 911, 912 [2006]). We decline to review his claim in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). The challenged remarks constituted evidence-based comments on the only issue in dispute — defendant's intent. The remarks were responsive to defendant's summation arguments, and did not constitute impermissible vouching, shift the burden of proof, or mischaracterize the evidence. In any event, defendant's failure to raise any objection to these remarks "is perhaps the best indication of the absence of any real prejudice" (see Overlee, 236 AD2d at 142).

[*2]

Defendant's present challenges to the constitutionality of his prior Queens convictions are unpreserved (see People v Lane, 7 NY3d 888, 889 [2006]; People v Stone, 231 AD3d 585 [1st Dept 2024], lv denied 43 NY3d 947 [2025]), and we decline to review his claim in the interest of justice. As an alternative holding, we reject this claim on the merits. Defendant's two prior convictions in Queens County were not obtained in violation of any federal constitutional right, and in any event, the waivers of indictment in the Queens cases satisfied the requirements of CPL 195.20.

We perceive no basis for reducing the sentence.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026